

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) **PROPHET CLARK,** | ) |
| Plaintiff, | ) ) ) |
| vs. | ) **Attorney's Lien Claimed** |
| | ) **Jury Trial Demanded** |
| (1) **REGIS CORPORATION** | ) |
| **D.B.A. SMART STYLES,** | ) |
| a corporation doing business in the | ) |
| State of Oklahoma | ) |
| | ) |
| Defendant, | ) |

FILED
JUL 25 2017
Mark C. McCartt, Clerk
U.S. DISTRICT COURT

17 CV   435 GKF - FHM

## COMPLAINT FOR DAMAGES

COMES NOW, the Plaintiff Prophet Clark ("Plaintiff") and for his cause of action against the Defendant REGIS CORPORATION D.B.A. SMART STYLES ("Defendant") alleges and states as follows:

### I.   PRELIMINARY STATEMENT

1. This is a proceeding seeking damages for the deprivation of the Plaintiff's constitutional and statutory rights, including his right to be free from racially motivated threats, abuse, and retaliatory discharge by his employer and its agents.

2. Plaintiff filed a complaint on or about October 11, 2016 with the Oklahoma Human Rights Commission.

3. The United States Equal Employment Opportunity Commission mailed him a "Right to Sue" letter on April 25, 2017.

Fees Pd
1summons

## II.   JURISDICTION AND VENUE

4. This court has jurisdiction over this Complaint, as some of the matters in controversy arise under the Constitution and laws of the United States, 28 U.S.C. § 1331: Plaintiff seeks to recover damages under Title VII of the Civil Rights Act of 1964 (42 U.S.C. 2000e).

5. Venue is properly in this court pursuant to 28 U.S.C. § 1391.

## III.   PARTIES

6. Plaintiff is a citizen of the United States, who was at all times relevant hereto domiciled and residing in Tulsa County, Oklahoma. He is an African-American/Native American male.

7. Defendant is and was at all times relevant hereto a domestic corporation doing business in the Counties of Tulsa and Wagoner, State of Oklahoma.

## IV.   FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff at all times relevant hereto was an employee of Defendant and was hired on or about July 25, 2016, to work in the capacity of "Master Instructor Stylist."

9. Plaintiff at all times relevant hereto was under the control and subject to the orders and directions of Defendant as to the details of Plaintiff's work assignments.

10. Defendant paid Plaintiff's salary, withheld taxes, and administered benefits.

11. Defendant supervised Plaintiff's work at all times relevant hereto.

12. Prior to the incidents complained of herein, Plaintiff had a great job performance and attitude record while an employee of Defendant.

13. Plaintiff was mistreated on almost a daily basis by Defendant's supervisors', Tiffany Steel, and Deeanna Rentie, because he is a Black male and a heterosexual male as well who was the only stylist licensed to use an open razor in the salon.

14. For example, Defendant's supervisor, Tiffany Steel, led a pre-textual campaign to deny Plaintiff promotions into a Salon Manager position for a less qualified individual; Deeanna Rentie forged Plaintiff's signature on several "Close Out Reports" and bank deposit statements. Plaintiff filled a police complaint form with Tulsa Police Department form #2016-064-689.

15. In Mid-October 2016, Plaintiff was transferred to Defendant's Coweta (Wagoner County) location.

16. "Ms. Brenda", a Caucasian female, was his supervisor at the Coweta (Wagoner County) location.

17. Ms. Brenda said to him that she didn't think that he would be a good fit because, "Coweta has a history of not being favorable to ethnics."

18. Due of his race "Ms. Brenda" overlooked his 8 years' experience as a licensed master instructor and hired a white female as manager fresh out of cosmetology school over him.

19. At all times relevant hereto, Plaintiff was the only Black person in the Master Instructor Stylist role in the Tulsa, and Coweta (Wagoner County) location.

20. During the time Plaintiff worked in Defendant's Tulsa and Coweta locations, Plaintiff was the constant victim of racial and sexual discrimination.

21. November 4th 2016, Plaintiff filed a grievance and EEOC complaint on Catherine Burks for calling him a "nigger" along with a tape of a recorded conversation between himself and Mrs. Burks. Tim who was Regional Vice President and Wendy Regional Director

assured him that Catherine Burks was terminated and he found out that they transferred her instead.

22. Plaintiff often was denied job assignments and opportunities for advancement because he is black and a heterosexual male.

23. Plaintiff was also paid lesser wage for his position as contractor because he was a man.

24. Defendant did not treat any non-black employees of Defendant the way Plaintiff was treated.

25. Following Plaintiff's verbal complaints of discrimination and request for management intervention, Plaintiff began to be treated with increasing hostility by supervisor, Tiffany Steel. Defendant's employee, Deeanna Rentie, then began portraying Plaintiff as incompetent, and retaliating against Plaintiff with unwarranted complaints about his job performance and giving his less desirable job assignments.

### V.   FIRST CAUSE OF ACTION: VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

26. Plaintiff realleges and incorporates by reference each and every allegation in the aforementioned paragraphs.

27. A significant factor in Plaintiff's discharge by Defendant was unlawful employment discrimination based on Plaintiff's race.

28. Defendant's actions in discharging Plaintiff were calculated and racially motivated, which caused Plaintiff lost salary and benefits, emotional, and mental distress.

29. As a direct result of the actions of Defendant and its employees in violation of the Title VII of the Civil Rights Act of 1964, Plaintiff has sustained damages and is entitled to compensatory damages in excess of Ten Thousand Dollars, punitive damages in excess

of Ten Thousand Dollars, attorney fees, costs, and such other relief as the court may deem just proper.

## VI.  SECOND CAUSE OF ACTION: NEGLIGENT RETENTION & SUPERVISION

30. Plaintiff realleges and incorporates by reference each and every allegation in the aforementioned paragraphs.

31. Defendant was on notice of Defendant's employees' propensity to commit racially motivated discriminatory acts.

32. Defendant willfully continued to retain and supervise such employees.

33. Plaintiff suffered public humiliation, mental pain and anguish as a result of Defendant's negligent retention and supervision.

## VII. THIRD CAUSE OF ACTION: EXEMPLARY DAMAGES

34. Plaintiff realleges and incorporates by reference each and every allegation in the aforementioned paragraphs.

35. Defendant's actions and omissions, in all the causes of action alleged above, were malicious, willful, and in gross disregard of Plaintiffs' constitutionally protected rights.

36. In order to punish Defendant for so engaging in unlawful practices and to deter such actions and omissions in the future, Plaintiff should be awarded exemplary damages.

## VIII.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment in his favor and against Defendant awarding Plaintiff relief, as follows:

1. Compensatory damages for Plaintiff's emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, humiliation, loss of reputation, and constitutional right to be free from racially motivated verbal threats and mental abuse, and retaliation by his employers and their agents, which amount is in excess of $10,001.00, the specific amount to be proven at trial;

2. Compensatory damages for Plaintiff's lost salary (back pay and front pay), lost raises and bonuses, and lost benefits;

3. All reasonable costs, including without limitation attorney's fees and expert fees;

4. Exemplary damages;

5. Pre-judgment and post-judgment interest;

6. Such other relief as the Court may deem just and equitable.

Respectfully submitted this 25th day of July, 2017.

By: /s/ Prophet Kelly Clark
Prophet Kelly Clark
8407 E. 60th St. Apt. 2513
Tulsa, OK 74145

PO BOX 2392
Broken Arrow, OK 74103
1-405-421-7355